IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| BROADSPIRE SERVICES, INC., § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § Civil Action No. 1:25-CV-00169-H-BU <br> § <br> KRYSTOPHER M WELLS, § <br> § <br> Defendant. § <br> § <br> § | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
# OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff Broadspire Services, Inc.'s Motion for Writ of Garnishment in which it seeks to enforce default judgments this Court entered in its favor against Defendant Krystopher M. Wells. Dkt. No. 1.

## I. JURISDICTION

Subject-matter jurisdiction and venue are proper in the Northern District of Texas, Abilene Division, because this garnishment proceeding is ancillary to the original case, styled Cause No. 1:22-cv-00163-H, which was held in this district and division. *Park v. W. Union Fin. Servs., Inc.*, No. 03-08-00292-CV, 2009 WL 3486373, at *2 (Tex. App. Oct. 30, 2009); *Townsend v. Fleming*, 64 S.W. 1006, 1006 (Tex. Civ. App. 1901). The undersigned has the authority to enter these Findings, Conclusions, and Recommendations after United States District Court Judge James Wesley Hendrix transferred Wells's application to the undersigned pursuant to Special Order 3. Dkt. No. 2; 28 U.S.C. § 636(b)(1)(B).

1

## II.  FACTUAL BACKGROUND

On November 29, 2023, the Court granted Broadspire's Motion for Default Judgment against Defendant Wells in Cause No. 1:22-cv-00163-H. Dkt. No. 1 at 2. The Court then entered a final judgment award of $223,651. *Id.* Broadspire recorded the judgment on August 30, 2024, but currently no amount of the judgment has been satisfied. *Id.*

Now before the Court is Broadspire's Application for Writ of Garnishment. Broadspire alleges that the garnishee, First Bank Texas, is either indebted to Defendant Wells or holds property belonging to Wells. *Id.* Broadspire now seeks judgment against First Bank Texas for the unpaid default judgment. *Id.* at 3.

## III.  THE PARTIES

Broadspire's application for writ of garnishment lists Krystopher M. Wells as the Defendant in this ancillary proceeding. Dkt. No. 1 at 1. However, the application specifies that the opposing party is actually First Bank Texas. *Id.* (stating that the application for writ of garnishment is filed "against First Bank Texas"). Under Texas Law, the garnishee should be listed as the opposing party in a garnishment proceeding. TEX. R. CIV. PRO. 659. **The Clerk is directed to replace Krystopher M. Wells with First Bank Texas as the opposing party in this ancillary proceeding.**

## IV.  LEGAL STANDARDS

Broadspire bases its application for writ of garnishment on Rule 69 of the Federal Rules of Civil Procedure, which states that "[a] money judgment is enforced by a writ of execution" and "must accord with the procedure of the state where the court is located[.]" Dkt. No. 1 at 1; FED. R. CIV. PRO. 69. The Texas Rules of Civil Procedure permit the

issuance of writs of garnishment to secure post-judgment awards. An application for a writ of garnishment must state the grounds for issuing the writ, the specific facts the plaintiff relies upon, and an affidavit supporting the application. TEX. R. CIV. PRO. 658. The application and affidavit must be based on personal knowledge. *Id.*

The application must also comply with all statutory requirements. *Id.* In Texas, the applicable statutory requirement is laid out in Chapter 63 of the Texas Cvil Practices and Remedies Code. A writ of garnishment is available in three cases: (1) when an original attachment has been issued, (2) when a plaintiff sues for an unpaid debt, and (3) when a plaintiff has a valid, subsisting judgment. TEX. CIV. PRAC. & REM. CODE § 63.001. When a plaintiff seeks a garnishment based on a valid, subsisting judgment, the attached affidavit must state that, "within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment." § 63.001(3); *Jamison v. Nat'l Loan Invs., L.P.*, 4 S.W.3d 465, 468 (Tex. App. 1999). The affidavit must *positively and unequivocally* state that the allegations are true and within the affiant's personal knowledge. *Metroplex Factors, Inc. v. First Nat. Bank, Bridgeport*, 610 S.W.2d 862, 865 (Tex. Civ. App. 1980), *writ refused NRE* (Apr. 8, 1981).

## V. ANALYSIS

Broadspire's application for writ of garnishment complies with all statutory requirements. Broadspire brings their application based on a valid, subsisting, unpaid judgment. Dkt. No. 1 at 2. The attached affidavit states (1) that the facts stated within are based on

personal knowledge[1] and are "true and correct," (2) that the affiant has made a diligent search, and (3) that Defendant Wells has no property in Texas subject to execution that is sufficient to satisfy the debt. Dkt. No. 1-1 at 1. The affidavit also expresses the belief that Wells has a bank account with First Bank Texas that can partially satisfy the judgment. Dkt. No. 1-1 at 1.

The statements in the affidavit are sufficient to satisfy the statutory requirements of § 63.001. The application also states the facts relied on, specifically that Broadspire holds a subsisting and unpaid default judgment, that Wells does not have enough property in Texas to satisfy the judgment, and that First Bank Texas has assets belonging to Wells. Dkt. No. 1 at 2. The application therefore satisfies TEX. R. CIV. PRO. 658, and Broadspire is entitled to a writ of garnishment pursuant to FED. R. CIV. PRO. 69.

## VI. CONCLUSION

For the reasons above, the undersigned RECOMMENDS that the Court GRANT Broadspire's application for writ of garnishment.

## VII. RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] The affiant in the affidavit is Broadspire's attorney, Emma L. Short, rather than Broadspire itself. Dkt. Nos. 1 at 2–3. 1-1 at 1. While the Texas Code states that the affidavit must be based on the plaintiff's personal knowledge, TEX. CIV. PRAC. & REM. CODE § 63.001(3), the Texas Rules of Civil Procedure permit a plaintiff's attorney to provide the affidavit if he or she has knowledge of the relevant facts. TEX. R. CIV. PRO. 658.

To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    ORDERED this 5th day of November 2025.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE